IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01782-PAB-MDB

MATTHEW JOSEPH MARTINEZ, and
STEPHEN ERIC PEACOCK,

    Plaintiffs,

v.

MOSES "ANDRE" STANCIL,
LACY MONDAY,
KIMBERLY KLINE, and
AMANDA RETTING,

    Defendants.

## DEFENDANTS' MOTION TO AMEND CASE CAPTION

    Defendants Moses "Andre" Stancil, Lacy Monday, Kimberly Kline, and Amanda Retting (collectively, the Defendants), respectfully submit this Motion to Amend Case Caption. In support thereof, they state the following:

    1.    **Certificate of Conferral**. Defendants certify that they are not required to confer with Plaintiffs before filing this Motion because Plaintiffs are unrepresented prisoners. *See* D.C.COLO.LCivR 7.1(b)(1).

    2.    Plaintiffs Matthew Joseph Martinez and Stephen Eric Peacock, pro se litigants who are presently incarcerated within the Colorado Department of Corrections (CDOC), bring this action asserting rights violations in connection with allegedly not receiving an opportunity to participate in sex offender treatment required as a component of their sentences.

3. Plaintiffs initiated this action by filing a Complaint on July 12, 2023, which named Moses "Andre" Stancil, Michelle Brodeur, Kimberly Kline, and Amanda Retting as defendants in their individual capacities. *See* Prisoner Complaint (ECF No. 1).

4. After the Court entered an order directing Plaintiffs to cure deficiencies in their original complaint, Plaintiffs filed an Amended Complaint on August 7, 2023, which named Moses "Andre" Stancil, Michelle Brodeur, Kimberly Kline, and Amanda Retting as defendants solely in their *official* capacities, seeking declaratory and injunctive relief. *See* Order (ECF No. 5); Amended Prisoner Complaint (ECF No. 7).

5. Under Rule 25 of the Federal Rules of Civil Procedure, when a public officer who has left office is named as a party in an official capacity, the officer's successor is automatically substituted as a party to the action. Fed. R. Civ. P. 25(d).

6. Named defendant Michelle Brodeur has left office and no longer holds the position of Director of Clinical Services, so her successor, Lacy Monday, is automatically substituted as a defendant under Rule 25(d).

7. The docket currently identifies former CDOC official Brodeur as a defendant in this action, and it appears to mistakenly indicate that each Defendant is named in his or her individual capacity. *See* Civil Docket for Case #: 1:23-cv-01782-PAB-MDB (identifying Defendants as "**Moses Stancil** *"Andre" in his individual capacity*," "**Michelle Brodeur** *in her individual capacity*," "**Kimberly Kline** *in her individual capacity*," and "**Amanda Retting** *in her individual capacity*" (emphasis in original, line breaks omitted)).

8. Rule 25 provides that "[l]ater proceedings should be in the substituted party's name," and a Court may order substitution of an official-capacity defendant by a successor at any time. Fed. R. Civ. P. 25(d).

9. Defendants respectfully request that the Court enter an order substituting Defendant Monday for former CDOC official Brodeur, and directing the Clerk of Court to amend the case caption and docket to reflect this substitution and that all Defendants are named solely in their official capacities in the Amended Complaint (ECF No. 7).

10. Good cause exists for this request.

11. Defendants acknowledge that where an action is brought against defendants solely in their official capacities, the docket's continued listing of former officeholders as defendants does not affect any party's rights, and the lack of an order from this Court substituting the parties and amending the case caption "does not affect the substitution." Fed. R. Civ. P. 25(d).

12. However, the current caption has resulted in confusion concerning the parties to this action, the capacity in which they are being sued, and the date upon which answers or responsive pleadings are due.

13. For example, after receiving a request to waive service on August 30, 2023, CDOC executed a waiver of service as to Moses "Andre" Stancil, Kimberly Kline, and Amanda Retting. *See* Waiver of Service of Summons (ECF No. 15). Because of a misunderstanding concerning the capacity in which the named defendants were sued, CDOC initially did not waive service on behalf of former CDOC employee Brodeur, and it submitted a Memorandum of Former Employee Last Known Contact Information with

3

Request to Restrict Public Access to Documents (Memorandum), for purposes of service of process on Ms. Brodeur. *See* Memorandum (ECF No. 16).

14. Contemporaneously with this Motion, Defendant Monday is filing a Notice of Waiver of Service acknowledging that her answer deadline is October 30, 2023.

15. However, former CDOC employee Brodeur was served process in this action on October 20, 2023, and the docket reflects that an answer is due on her behalf on November 13, 2023. *See* Summons Returned Executed (ECF Nos. 20 (Restricted Document), 21 (public entry for Restricted Document)).

16. Clarification thus is warranted.

17. Amending the case caption to reflect both Defendant Monday's automatic substitution for Ms. Brodeur and that all Defendants are named solely in their official capacities would allow the parties and the Court to proceed on the merits without expending unnecessary resources litigating jurisdictional or procedural issues concerning a former CDOC employee who was personally served in this action due to a clerical error but is plainly not a defendant in her individual capacity (*see* Am. Compl. (ECF No. 7)).

18. It is therefore in the interest of judicial economy to amend the case caption to accurately reflect the Defendants' names and the capacity in which they are sued.[1]

---

[1] Defendants note that Rule 25(d) provides only for substitution of an official-capacity defendant, and not for correcting a clerical error concerning the capacity in which a defendant is sued. However, the Court has "inherent authority to manage [its] dockets and courtroom[] with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also* Fed. R. Civ. P. 60(a) (in post-judgment context, district courts may correct clerical errors in any "part of the record.")

4

19.     For these reasons, Defendants respectfully request that the Court enter an order directing the Clerk of the Courts to amend the case caption to reflect that (1) Lacy Monday is substituted for Michelle Brodeur in this action under Rule 25(d), and (2) all Defendants are being sued in their official capacities, rather than in their individual capacities.

Respectfully submitted this 25th day of October 2023.

PHILIP J. WEISER
Attorney General

*s/ Ann Stanton*
ANN STANTON*
KELLEY DZIEDZIC*
Assistant Attorneys General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
E-Mail: ann.stanton@coag.gov
          kelley.dziedzic@coag.gov
Attorneys for Defendants
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the foregoing upon all parties herein by e-filing with the CM/ECF system maintained by the court this 25th day of October 2023 and by depositing same in the United States mail, postage prepaid, at Denver, Colorado, this 26th day of October 2023, addressed as follows:

Matthew Joseph Martinez, #186896        Courtesy copy e-mailed:
Fremont Correctional Facility (FCF)     Adrienne Sanchez, CDOC
P.O. Box 999                            Anthony DeCesaro, CDOC

Canon City, CO 81215-0999
Plaintiff Pro Se

Stephen Eric Peacock #189184
Fremont Correctional Facility (FCF)
P.O. Box 999
Canon City, CO 81215-0999
Plaintiff Pro Se

                                                  s/ *James Mules*