IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01782-PAB-MDB

MATTHEW JOSEPH MARTINEZ, and
STEPHEN ERIC PEACOCK,

    Plaintiffs,

v.

MOSES "ANDRE" STANCIL,
LACY MONDAY,
KIMBERLY KLINE, and
AMANDA RETTING,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED PRISONER COMPLAINT (ECF NO. 7)

Defendants Moses "Andre" Stancil, Lacy Monday, Kimberly Kline, and Amanda Retting, through the Colorado Attorney General, respectfully submit the following Answer to Plaintiffs Matthew Joseph Martinez and Stephen Eric Peacock's Amended Prisoner Complaint (ECF No. 7).

### A. PLAINTIFF INFORMATION

Defendants admits that Matthew J. Martinez, DOC # 186896, and Stephen E. Peacock, DOC # 189184, are the Plaintiffs in this lawsuit, are convicted and sentenced state prisoners, and are currently housed at Fremont Correctional Facility ("FCF") in Canon City, Colorado. Defendants are without sufficient information to admit or deny the remaining allegations in this section, and, on that basis, deny the allegations.

## B. DEFENDANT(S) INFORMATION

1. Defendants admit that Plaintiffs named Moses "Andre" Stancil as a Defendant in this action in his official capacity as Executive Director of the Colorado Department of Corrections ("CDOC"), and that at all relevant times Defendant Stancil was acting under color of state law. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations concerning Defendant Stancil in this section of Plaintiffs' Amended Complaint.

2. Defendants admit that Plaintiffs named CDOC's Director of Clinical Services as a Defendant in this action in her official capacity. Defendants affirmatively state that current CDOC Director Lacy Monday is automatically substituted for her predecessor, named defendant Michelle Brodeur, pursuant to Fed. R. Civ. P. 25(d). Defendants admit that at all relevant times Defendant Monday was acting under color of state law. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations concerning Defendant Monday in this section of Plaintiffs' Amended Complaint.

3. Defendants admit that Plaintiffs named Kimberly Kline as a Defendant in this action in her official capacity as CDOC's Director of Behavioral Health, and that at all relevant times Defendant Kline was acting under color of state law. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations concerning Defendant Kline in this section of Plaintiffs' Amended Complaint.

4. Defendants admit that Plaintiffs named Amanda Retting as a Defendant in this action in her official capacity as the Administrator of CDOC's Sex Offender Treatment and

Monitoring Program ("SOTMP"), and that at all relevant times Defendant Retting was acting under color of state law. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations concerning Defendant Retting in this section of Plaintiffs' Amended Complaint.

### C.  JURISDICTION

Defendants admit that Plaintiffs invoke the jurisdiction of this Court pursuant to the statutory authority cited in Part "C" of the Amended Complaint. Defendants deny that they have violated any of Plaintiffs' rights protected by such authority or that Plaintiffs are entitled to any relief pursuant to that authority.

### D.  STATEMENT OF CLAIMS

CLAIM ONE: <u>42 U.S.C. § 1983 – Fourteenth Amendment Violation – Procedural Due Process</u>

1. Defendants admit that Plaintiffs purport to assert Claim One against Defendants Stancil, Monday, Kline, and Retting.

2. Whether "Plaintiffs have a state-created liberty interest in their ability to access sex offender treatment consonant with the 1998 Act" is a legal question for which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs have a state-created liberty interest in their ability to access sex offender treatment.

3. Defendants deny that they have violated either Plaintiff's "right to due process by depriving them of the opportunity to participate in sex offender treatment without notice, without an opportunity to contest the deprivation of treatment, and without meaningful periodic review of their deprivation or treatment."

4. Defendants deny that Plaintiffs have suffered any atypical and/or significant hardship in connection with not receiving sex offender treatment.

5. Defendants deny that Plaintiffs have experienced a grievous loss or that "Defendants have denied them access to sex offender treatment thereby making them ineligible for parole or consideration for parole."

6. Defendants deny that Plaintiffs have suffered significant harms "[a]s a direct and proximate result of the Defendants' failure to provide the Plaintiffs sufficient process regarding the deprivation of treatment described" in the Amended Complaint.

7. Defendants deny that Plaintiffs are being harmed or will continue to be harmed by Defendants' alleged conduct without the requested declaratory and injunctive relief, and Defendants deny that Plaintiffs are entitled to any relief.

CLAIM TWO: 42 U.S.C. § 1983 – Fourteenth Amendment Violation – Substantive Due Process

8. Defendants admit that Plaintiffs purport to assert Claim Two against Defendants Stancil, Monday, Kline, and Retting.

9. Whether "Plaintiffs have a state-created liberty interest in their ability to access sex offender treatment consonant with the 1998 Act" is a legal question for which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs have a state-created liberty interest in their ability to access sex offender treatment.

10. Defendants deny that they have violated either Plaintiff's liberty interest under the Fourteenth Amendment in any way. Defendants further deny that they "knowingly and willfully implement[] and enforce[e] a policy and actual practice of arbitrarily depriving some offenders

4

of statutorily-mandated treatment despite actual knowledge that such deprivation will make the offender ineligible for parole." Defendants further deny that they have caused Plaintiffs or any other offender "to unnecessarily languish in prison indefinitely."

11. Defendants admit that they have implemented and enforced the SOTMP for several years. However, Defendants deny that they have implemented and enforced the "policy and actual practice" as described by Plaintiffs in this section of the Amended Complaint. Defendants further deny that they "have made a knowing and willful decision to continue arbitrarily depriving both the Plaintiffs of treatment," and they affirmatively deny that they have violated any rights under the Fourteenth Amendment.

12. Defendants deny that Plaintiffs have suffered significant damages "[a]s a direct and proximate result of the Defendants' failure to provide the Plaintiffs with the opportunity to participate in treatment."

13. Defendants deny that Plaintiffs are being harmed or will continue to be harmed by Defendants' alleged conduct without the requested declaratory and injunctive relief, and Defendants deny that Plaintiffs are entitled to any relief.

## FACTUAL ALLEGATIONS

### Introduction

1. Defendants admit that Matthew Martinez and Stephen Peacock are incarcerated in the CDOC, are currently housed in FCF, and are serving indeterminate sentences under the Colorado Sex Offender Lifetime Supervision Act of 1998 ("SOLSA" or the "1998 Act"). Defendants state that the statutory provisions cited in Plaintiffs' Paragraph 1 speak for themselves and, as such, no response is necessary to the allegations quoting or characterizing

5

these statutes. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 1 are not consistent with the language of the cited statutes, Defendants deny the allegations in Paragraph 1. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 1.

2. Defendants admit that CDOC has promulgated Administrative Regulation (AR) 700-19, "Sex Offender Treatment and Monitoring Program." Defendants further admit that pursuant to AR 700-19, CDOC prioritizes sex offenders within four years of their parole eligibility date for sex-offense-specific treatment based upon, but not limited to, certain criteria enumerated in the AR. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 2.

3. Defendants are without sufficient information to admit or deny Plaintiffs' allegations that they "maintain exemplary disciplinary records" and "have made a sustained effort to avail themselves of all available resources while incarcerated," and, on that basis, deny these allegations. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

**Sex Offender Treatment for Individuals Sentenced Under the 1998 Act**

6. Defendants state that the statutory provisions cited in Paragraph 6 speak for themselves and, as such, no response is necessary to the allegations characterizing these statutes. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 6 are not consistent with the language of the cited statutes, Defendants deny the allegations in Paragraph 6.

7.     Defendants state that the statutory provision cited in Paragraph 7 speaks for itself and, as such, no response is necessary to the allegations quoting or characterizing this statute. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 7 are not consistent with the language of the cited statute, Defendants deny the allegations in Paragraph 7.

8.     Defendants state that the statutory provision and caselaw cited in Paragraph 8 speak for themselves and, as such, no response is necessary to the allegations quoting or characterizing this material. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 8 are not consistent with the language of the cited material, Defendants deny the allegations in Paragraph 8.

9.     Defendants state that the statutory provision and caselaw cited in Paragraph 9 speak for themselves and, as such, no response is necessary to the allegations quoting or characterizing this material. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 9 are not consistent with the language of the cited material, Defendants deny the allegations in Paragraph 9.

10.    Defendants state that the statutory provision and caselaw cited in Paragraph 10 speak for themselves and, as such, no response is necessary to the allegations quoting or characterizing this material. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 10 are not consistent with the language of the cited material, Defendants deny the allegations in Paragraph 10.

11.    Defendants state that the statutory provision and caselaw cited in Paragraph 11 speak for themselves and, as such, no response is necessary to the allegations quoting or

characterizing this material. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 11 are not consistent with the language of the cited material, Defendants deny the allegations in Paragraph 11.

12. Defendants admit that CDOC offers sex offender treatment through the SOTMP pursuant to SOLSA and AR 700-19.

13. Defendants admit that some inmates convicted and sentenced under SOLSA have not yet participated in the SOTMP. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 13.

14. Defendants state that the AR cited in Paragraph 14 speaks for itself and, as such, no response is necessary to the allegations quoting or characterizing this material. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 14 are not consistent with the language of the cited material, Defendants deny the allegations in Paragraph 14. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit that the SOTMP offers multiple treatment tracks to provide the appropriate level of treatment for each sex offender. Defendants do not understand what Plaintiffs mean by "CDOC's current treatment model . . . do not affect the statutory language that 'requires' CDOC to provide treatment" and, on that basis, deny that allegation. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

Mr. Martinez' Efforts to Gain Access to the SOTMP

21. Admitted.

22. Defendants admit that upon his entry into the CDOC, Mr. Martinez was received for intake at the Denver Reception and Diagnostic Center. Defendants further admit that Mr. Martinez was subsequently housed at the Crowley County Correctional Facility ("CCCF"). Defendants are without sufficient information to admit or deny the allegations concerning the reason for Mr. Martinez's assignment to CCCF and, on that basis, deny the allegations. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 22.

23. Defendants are without sufficient information to admit or deny the allegations in Paragraph 23 and, on that basis, deny the allegations.

24. Defendants are without sufficient information to admit or deny the allegations in Paragraph 24 and, on that basis, deny the allegations.

25. Defendants are without sufficient information to admit or deny the allegations in Paragraph 25 and, on that basis, deny the allegations.

26. Defendants are without sufficient information to admit or deny when "Mr. Martinez found out that the SOTMP was available" at FCF or whether he "contacted Mr. Bailey of the FCF SOTMP Staff" and, on that basis, deny the allegations. Defendants admit that Mr. Martinez received a memorandum from the SOTMP Team dated September 29, 2021. Defendants state that the memorandum speaks for itself and, as such, no response is necessary to the allegations characterizing it. To the extent a response is deemed necessary, and to the extent

9

the allegations in Paragraph 26 are not consistent with the language of the cited memorandum, Defendants deny the allegations in Paragraph 26

27.	Defendants are without sufficient information to admit or deny the allegations in Paragraph 27 and, on that basis, deny the allegations.

28.	Defendants are without sufficient information to admit or deny the allegations in Paragraph 28 and, on that basis, deny the allegations.

29.	Defendants are without sufficient information to admit or deny the allegations in Paragraph 29 and, on that basis, deny the allegations.

30.	Defendants admit that Mr. Martinez submitted a Step 1 grievance on or about April 17, 2023 requesting placement in the SOTMP. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 30.

31.	Defendants admit that Mr. Martinez received a response to his Step 1 grievance on or about April 24, 2023. The text of the grievance response speaks for itself and, as such, no response is necessary to the allegations about it. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 31 are not consistent with the language of the cited grievance response, Defendants deny the allegations in Paragraph 31.

32.	Defendants admit that Mr. Martinez submitted a Step 2 grievance on or about May 11, 2023. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 32.

33.	Defendants admit that Mr. Martinez received a response to his Step 2 grievance on or about May 17, 2023. The text of the grievance response speaks for itself and, as such, no response is necessary to the allegations about it. To the extent a response is deemed necessary,

and to the extent the allegations in Paragraph 33 are not consistent with the language of the cited grievance response, Defendants deny the allegations in Paragraph 33.

34. Defendants admit that Mr. Martinez submitted a Step 3 grievance on or about May 17, 2023. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit that Mr. Martinez received a response to his Step 3 grievance on or about July 11, 2023. The text of the grievance response speaks for itself and, as such, no response is necessary to the allegations about it. To the extent a response is deemed necessary, and to the extent the allegations in Paragraph 35 are not consistent with the language of the cited grievance response, Defendants deny the allegations in Paragraph 35.

36. Defendants are without sufficient information to admit or deny the allegations in Paragraph 36 and, on that basis, deny the allegations.

37. Defendants are without sufficient information to admit or deny the allegations in Paragraph 37 and, on that basis, deny the allegations.

38. Defendants are without sufficient information to admit or deny the allegations in Paragraph 38 and, on that basis, deny the allegations.

Mr. Peacock's Efforts to Gain Access to the SOTMP

39. Admitted.

40. Defendants admit that upon his entry into the CDOC, Mr. Peacock was received for intake at the Denver Reception and Diagnostic Center. Defendants further admit that Mr. Peacock was subsequently housed at the Crowley County Correctional Facility ("CCCF"). Defendants are without sufficient information to admit or deny the allegations concerning the

reason for Mr. Peacock's assignment to CCCF and, on that basis, deny the allegations. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 40.

41. Defendants are without sufficient information to admit or deny the allegations in Paragraph 41 and, on that basis, deny the allegations.

42. Defendants are without sufficient information to admit or deny the allegations in Paragraph 42 and, on that basis, deny the allegations.

43. Defendants are without sufficient information to admit or deny the allegations in Paragraph 43 and, on that basis, deny the allegations.

44. Defendants are without sufficient information to admit or deny the allegations in Paragraph 44 and, on that basis, deny the allegations.

45. Defendants are without sufficient information to admit or deny the allegations in Paragraph 45 and, on that basis, deny the allegations.

46. Defendants are without sufficient information to admit or deny the allegations in Paragraph 46 and, on that basis, deny the allegations.

47. Defendants are without sufficient information to admit or deny the allegations in Paragraph 47 and, on that basis, deny the allegations.

48. Defendants are without sufficient information to admit or deny the allegations in Paragraph 48 and, on that basis, deny the allegations.

49. Defendants are without sufficient information to admit or deny the allegations in Paragraph 49 and, on that basis, deny the allegations.

50. Defendants are without sufficient information to admit or deny the allegations in Paragraph 50 and, on that basis, deny the allegations.

51. Defendants are without sufficient information to admit or deny the allegations in Paragraph 51 and, on that basis, deny the allegations.

52. Defendants are without sufficient information to admit or deny the allegations in Paragraph 52 and, on that basis, deny the allegations.

53. Defendants are without sufficient information to admit or deny the allegations in Paragraph 53 and, on that basis, deny the allegations.

54. Defendants are without sufficient information to admit or deny the allegations in Paragraph 54 and, on that basis, deny the allegations.

55. Defendants are without sufficient information to admit or deny the allegations in Paragraph 55 and, on that basis, deny the allegations.

56. Defendants are without sufficient information to admit or deny the allegations in Paragraph 56 and, on that basis, deny the allegations.

57. Defendants are without sufficient information to admit or deny the allegations in Paragraph 57 and, on that basis, deny the allegations.

58. Defendants are without sufficient information to admit or deny the allegations in Paragraph 58 and, on that basis, deny the allegations.

59. Defendants are without sufficient information to admit or deny the allegations in Paragraph 59 and, on that basis, deny the allegations.

60. Defendants are without sufficient information to admit or deny the allegations in Paragraph 60 and, on that basis, deny the allegations.

<u>Other Circumstances Relevant to Participation in the SOTMP</u>

61. Defendants are without sufficient information to admit or deny the allegations in Paragraph 61 and, on that basis, deny the allegations.

62. Defendants are without sufficient information to admit or deny the allegations in Paragraph 62 and, on that basis, deny the allegations.

63. Defendants deny that they and CDOC are refusing to provide Plaintiffs access to the SOTMP. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that Mr. Martinez is currently classified as "S5" and "R-Ready" as set forth in AR 700-19. Except as expressly admitted in this paragraph, Defendants deny the remaining allegations in Paragraph 64.

65. Defendants are without sufficient information to admit or deny the allegations in Paragraph 65 and, on that basis, deny the allegations.

66. Defendants admit that Mr. Peacock is currently classified as "S5" and "R-Ready" as set forth in AR 700-19. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 66.

67. Defendants are without sufficient information to admit or deny the allegations in Paragraph 67 and, on that basis, deny the allegations.

68. Denied.

69. Denied.

70. Denied.

71. Defendants are without sufficient information to admit or deny the allegations in Paragraph 71 and, on that basis, deny the allegations.

### E. PREVIOUS LAWSUITS

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this part of Plaintiff's Amended Complaint, and, on that basis, deny the allegations.

### F. ADMINISTRATIVE REMEDIES

Defendants admit that the CDOC provides a formal grievance procedure to incarcerated individuals, including individuals confined to FCF. Defendants are without sufficient information or knowledge to form a belief as to the truth of Plaintiffs' remaining allegations in this part of the Amended Complaint and, on that basis, deny the allegations.

### G. REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in their Amended Prisoner Complaint.

### GENERAL DENIAL

Defendants deny each and every allegation contained within Plaintiffs' Amended Prisoner Complaint (ECF No. 7) unless expressly admitted herein.

### AFFIRMATIVE DEFENSES

1. Plaintiffs' Amended Prisoner Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiffs' claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited or qualified immunity.

3. Defendants affirmatively assert that Plaintiffs' federal and state rights were not violated, and that Plaintiffs have been afforded all the rights, privileges and immunities granted by the United States Constitution and Colorado law.

4. Defendants affirmatively assert that they followed the regulations and procedures established by the CDOC and all other applicable laws and regulations, with respect to the claims at issue.

5. Defendants' actions, applicable CDOC regulations, and applicable laws are supported by legitimate penological interests, goals, and objectives.

6. Defendants' actions, applicable CDOC regulations, and applicable laws are supported by compelling interests, goals, and objectives, and constitute the least restrictive means of effectuating those interests, goals, and objectives.

7. Plaintiffs' claims may be barred in whole or in part by the Prison Litigation Reform Act, including, but not limited to, the physical injury and exhaustion requirements of the Prison Litigation Reform Act.

8. Plaintiffs' claims may be barred in whole or in part by the doctrines of collateral estoppel and res judicata.

9. Plaintiffs' claims may be barred in whole or in part by one or more doctrines of justiciability, including, but not limited to, the doctrines of ripeness, standing, or mootness.

10. Plaintiffs are not entitled to any relief being sought or claimed in their Amended Prisoner Complaint under the legal theories asserted therein.

11. Defendants reserve the right to assert additional defenses that become known during the course of discovery.

Respectfully submitted on November 29, 2023.

        PHILIP J. WEISER
        Attorney General

        *s/ Ann Stanton*
        ANN STANTON*
        KELLEY DZIEDZIC*
        Assistant Attorneys General
        Civil Litigation & Employment Section
        Colorado Department of Law
        1300 Broadway, 10th Floor
        Denver, Colorado 80203
        Telephone: 720-508-6000
        E-Mail: ann.stanton@coag.gov
                kelley.dziedzic@coag.gov
        *Attorneys for Defendants*
        *Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED PRISONER COMPLAINT (ECF NO. 7)** to all parties herein by e-filing with the CM/ECF system maintained by the court on November 29, 2023, and by depositing same in the United States mail, postage prepaid, at Denver, Colorado, on November 30, 2023, addressed as follows:

    Matthew Joseph Martinez, #186896
    Fremont Correctional Facility (FCF)
    P.O. Box 999
    Canon City, CO 81215-0999
    Plaintiff Pro Se

    Stephen Eric Peacock #189184
    Fremont Correctional Facility (FCF)
    P.O. Box 999
    Canon City, CO 81215-0999
    Plaintiff Pro Se

    Courtesy Copy *E-mailed*:
    Adrienne Sanchez, CDOC
    Tony Decesaro, CDOC

                                                s/ *Jim Mules & Mariah Cruz-Nanio*