IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01782-PAB-MDB

MATTHEW JOSEPH MARTINEZ, and
STEPHEN ERIC PEACOCK,

    Plaintiffs,

v.

MOSES "ANDRE" STANCIL,
LACY MONDAY,
JASON GUIDRY, and
AMANDA RETTING,

    Defendants.

## DEFENDANTS' PARTIALLY UNOPPOSED MOTION TO AMEND SCHEDULING ORDER (ECF NO. 162)

    Defendants Moses 'Andre' Stancil, Lacy Monday, Jason Guidry, and Amanda Retting, through the Colorado Attorney General, respectfully submit the following Partially Unopposed Motion to Amend Scheduling Order (ECF No. 162). In support thereof, Defendants state the following:

    1.    **Certificate of Conferral**: Undersigned counsel certifies that she conferred with Plaintiffs' counsel regarding this motion via email on October 29, 2025, and December 1, 2025. Plaintiffs' counsel indicated on December 1, 2025, that he does not object to amending the Scheduling Order to extend the discovery cut-off and dispositive motions deadlines, but he proposed that the parties also move to extend the affirmative expert disclosures deadline and seek greater extensions of the discovery cut-off and dispositive motions deadlines than those

1

requested by Defendants in this Motion. While Defendants do not object to longer extensions of the discovery cut-off and dispositive motions deadlines if needed, they disagree that the affirmative expert deadline, which passed over three months ago, should be extended. Accordingly, this motion is partially unopposed.

2. Plaintiffs Matthew Joseph Martinez and Stephen Eric Peacock are presently incarcerated within the Colorado Department of Corrections (CDOC). They initiated this action pro se in 2023 pursuant to 42 U.S.C. § 1983, asserting violations of their Fourteenth Amendment due process rights in connection with allegedly having been denied an opportunity to participate in CDOC's Sex Offender Treatment and Monitoring Program.

3. While Plaintiffs were proceeding pro se, the parties engaged in limited preliminary discovery between May and October 2024 in preparation for potential settlement discussions, including conducting depositions of both Plaintiffs. *See* ECF Nos. 84, 121, 136.

4. Plaintiffs retained counsel in advance of a Settlement Conference/Early Neutral Evaluation set for January 22, 2025.[1] *See* ECF Nos. 141, 144.

5. After Court-facilitated settlement discussions concluded without resolution, the Court and the parties, through their respective counsel, made plans to proceed with formal discovery. *See* ECF No. 159. The Court entered a Scheduling Order on April 18, 2025, which sets forth several discovery and pretrial deadlines. ECF No. 162.

---

[1] Unforeseen circumstances required the Court to vacate the ENE on January 22, 2025, to be reset at a later date, and instead hold a virtual status conference to facilitate further discussions concerning settlement feasibility. *See* ECF No. 153.

6. Defendants respectfully request that the Court amend the Scheduling Order to reopen discovery for the *limited* purposes described below and extend the discovery cut-off and dispositive motions deadlines by 90 days as follows:

| Action | Current Deadline | Proposed Extension |
| --- | --- | --- |
| Discovery cut-off | October 30, 2025 | January 30, 2026 |
| Dispositive Motions | December 1, 2025 | March 2, 2026 |

7. Good cause exists for the requested amendment to the Scheduling Order.

8. The parties engaged in discovery and substantially completed most of their discovery obligations before the October 30, 2025 cut-off. More specifically, the parties exchanged initial disclosures by April 30, 2025, after agreeing to a reasonable extension of the April 18, 2025, deadline. Pursuant to the deadlines set forth in the Scheduling Order, Defendants also disclosed affirmative expert witnesses on September 15, 2025, and the parties served written discovery requests on the September 15, 2025, deadline to do so.

9. Despite working diligently and conferring in good faith to complete discovery before the cut-off, a limited number of discovery matters could not be completed within the allotted time.

10. For example, counsel for both parties agreed to reasonable extensions of the October 15, 2025 deadline to respond or supplement responses to one another's September 15, 2025 written discovery requests. Defendants served their responses to nearly all of Plaintiffs' discovery requests on October 15, 2025, but they required additional time to supplement their responses to a few requests for production that sought statistical data not maintained in a document format that is readily capable of being produced in response to a request for production of documents. Defendants have since compiled the requested data, and a

3

supplemental response is forthcoming. Additionally, after Plaintiffs and their counsel experienced unavoidable delays in prison legal mail processing and scheduling legal visits, through no party's fault, they served their responses on November 13, 2025. The parties therefore require additional time to thoroughly review these remaining discovery responses and engage in any follow-up conferrals that might be necessary.

11. Most critically, Plaintiffs' counsel began conferrals over email on October 3, 2025, regarding noticing and scheduling a deposition of Defendant Retting and a Rule 30(b)(6) deposition of CDOC. Counsel had limited availability to confer over the following two weeks while the undersigned was in trial, but they resumed discussions later in October and sought to schedule a telephone call to confer further regarding the topics listed in Plaintiffs' draft Rule 30(b)(6) notice and additional deposition scheduling logistics.

12. Since then, counsel have experienced difficulties in finding a mutually available time for a telephone conferral, in part because undersigned counsel has had to take several days of leave since mid-October while undergoing treatment for a serious medical condition. However, they are continuing to work on completing these conferrals and scheduling the outstanding two depositions as promptly as possible.

13. Defendants therefore respectfully request that the Court extend the discovery cut-off by 90 days, to and including January 30, 2026, for the *limited* purpose of resolving any outstanding issues related to the parties' recent discovery responses and to ensure Plaintiffs have adequate time and a meaningful opportunity to take the two depositions the parties have been seeking to discuss and schedule since well before the current October 30, 2025, discovery cut-off.

14. Defendants further respectfully request that the Court similarly extend the December 1, 2025 dispositive motions deadline, to and including March 2, 2026, to allow the parties a meaningful opportunity to prepare dispositive motions after the limited outstanding discovery is resolved.

15. This is Defendants' first request to amend the Scheduling Order. This request is made in good faith, and there is no apparent reason any party would be prejudiced by the requested amendment to the Scheduling Order.

16. No trial dates have been set in this matter. However, Defendants are mindful that the Court has set a final pretrial conference on January 12, 2026 at 10:00 am, which may require vacating and resetting should the Court grant this Motion.

17. Undersigned counsel verifies that a copy of this Motion is being provided to her clients' representative.

For the foregoing reasons, Defendants respectfully request that the Court amend the Scheduling Order and extend the discovery cut-off as to the outstanding discovery matters described above, and the dispositive motions deadline, by 90 days.

Respectfully submitted December 1, 2025.

> PHILIP J. WEISER
> Attorney General
>
> s/ *Ann Stanton*
> _____
> ANN STANTON*
> Senior Assistant Attorney General
> AMY E. ADAMS*
> Assistant Attorney General
> Attorneys for Defendants

5

1300 Broadway, Tenth Floor
Denver, CO 80203
Telephone: (720) 508-6000
FAX: (720) 508-6032
E-Mail: ann.stanton@coag.gov
amy.adams@coag.gov

*Counsel of Record